WAGNER (U. S. v.). See Case No. 16,630.

---

## Case No. 17,040.

### WAGNER v. WATTS.

[2 Cranch, C. C. 169.] [1]

Circuit Court, District of Columbia.   June Term, 1819.

COMPETENCY OF WITNESSES—INTEREST—MORTGAGE OF STOCK OF GOODS.

1. In a suit between contending mortgagees, the mortgagor is a competent witness for the first mortgagee, to identify the goods described in the first mortgage.

2. A mortgage of "the whole of my stock of books and stationery now remaining in my possession, and also such additions thereto as I may hereafter make from time to time to the same," is not void for uncertainty, but conveys only the stock on hand at the date of the mortgage.

Assumpsit for $3,000, money had and received by the defendant to the plaintiff's use, being the proceeds of the sale of the stock of books and stationery of Mr. Richards, a bookseller in Georgetown, under a mortgage made by him to the defendant, dated 3d of May, 1817, and upon which the plaintiff claimed to have a prior mortgage, dated 1st of February, 1817. The property conveyed by the mortgage to the plaintiff was thus described: "The whole of my stock of books and stationery now remaining in my possession, and also such additions thereto as I may hereafter make from time to time to the same." And the mortgage provided, that, whereas the plaintiff had indorsed and thereafter might indorse various promissory notes of Richards, the plaintiff might from time to time sell at public sale, such part of the said stock of books and stationery as should be necessary to take up any of the said notes which Richards should fail to pay when due. This mortgage was duly acknowledged and recorded agreeably to the act of Maryland respecting secret sales. The subsequent

mortgage to the defendant, by Richards, was of all his books and stationery, and stock in trade. &c., and provided that Richards should retain the possession, and carry on the trade until default should be made by Richards in not paying certain notes which the defendant also had indorsed for him, with power to the defendant to take possession of the whole and proceed to sell, &c. This mortgage was also duly acknowledged and recorded. Under this power, the defendant seized the goods and sold them, to the amount of $4731.62; of which sum $1101 were paid over to the plaintiff. The stock thus sold consisted, in part, of the original stock at the date of the first mortgage, and in part of other books and stationery purchased with the proceeds of the original stock, or exchanged for the same.

This action was brought to recover the residue of the proceeds of sale of the whole stock. All the notes indorsed by the plaintiff previous to the 10th of April, 1817, had been paid; and on that day the plaintiff indorsed a new note for Richards for $1550, and on the 16th of April, 1817, another for $1600, and on the 1st of May, 1817, another for $450, all of which were discounted at some of the banks, and $800 of the proceeds were applied to the use of the plaintiff, and the notes themselves were still lying over unpaid and dishonored, and the plaintiff held accountable therefor. Richards continued in possession of the books and stationery from the date of the first mortgage, and continued to exercise acts of ownership over them, carrying on the business in a retail shop, selling and exchanging in the usual course of business, until the defendant took possession of the shop and goods. Richards, while in possession, was in the habit of buying other books and stationery with the proceeds of sale of the original stock, so that it was uncertain what portion of the original articles remained when the defendant took possession on the 10th of June, 1817.

Upon the trial, the plaintiff offered to examine Mr. Richards, as a witness, to identify the goods which were part of the original stock on hand at the date of the first mortgage.

Mr. Swann and Mr. Taney, for defendant, objected that he was interested.

But THE COURT (MORSELL, Circuit Judge, not sitting), not perceiving his interest, overruled the objection, and the defendant took a bill of exceptions.

The defendant's counsel then prayed the court to instruct the jury that the mortgage to the plaintiff was void upon the face of it, for uncertainty, both as to the debts intended to be secured, and the property intended to be conveyed by it; and cited 4 Com. Dig. 296, tit. "Grant," D, and 3 Bac. Abr. 382, 384.

Mr. Jones, contra, cited Hodgson v. Butts, 3 Cranch [7 U. S.] 140.

THE COURT refused to give the instruction.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The counsel for the defendant then moved the court to instruct the jury that, upon the evidence, the plaintiff had no right to recover any money for the books and stationery thus sold by the defendant, unless they were the property of Richards at the date of the first mortgage.

Mr. Swann and Mr. Taney, for defendant, cited 3 Bac. Abr. (Gwillim's Ed.) 307, note from Cowp. 434; Ryall v. Rolle, 1 Wils. 261; 1 Bac. Abr. 467; Yelverton v. Yelverton, Cro. Eliz. 402.

Mr. Jones and Mr. Key, for plaintiff, cited Hooe v. U. S., 1 Cranch [5 U. S.] 318; Com. Dig. tit. "Grant," C, p. 295; Pow. Cont. 156; Shep. Touch. 241.

THE COURT gave the instruction as prayed, and further instructed the jury, that the plaintiff could not recover for any part of the stock of goods which was acquired by Richards subsequently to the date of the first mortgage, whether such additions to the original stock of goods consisted of goods bought with the proceeds of the sales of the said original stock, or of goods exchanged for the same as aforesaid.

The plaintiff took a bill of exceptions, but no writ of error.

Verdict for defendant.

But see 2 Eq. Cas. Abr. 479, 480. and Bucknal v. Roiston, Prec. Ch. 285.